IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 19-2029-CJW |
| Plaintiff, | ) | |
| vs. | ) | |
| AARON OLSON, | ) | GOVERNMENT'S RESISTANCE |
| | ) | TO DEFENDANT'S MOTION FOR |
| Defendant. | ) | REVOCATION OF DETENTION ORDER |

The government resists defendant's motion for revocation of the detention order in this case and in support of this resistance states as follows:

## I.  INTRODUCTION

Review of a magistrate court's detention order is de novo. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985).  For both Count 1 and Count 2 (sexual exploitation of children under 18 U.S.C. §§ 2251(a) and 2251(e)), there is a rebuttable presumption for detention.  18 U.S.C. § 3142(e)(3)(E).

> "In a presumption case such as this, a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).  "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.*

*United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

> In determining if release conditions exist that will reasonably assure the appearance of a defendant at trial and the safety of the community, the court considers the following:  (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct;

1

and (4) the seriousness of the danger to the community or to an individual.

*Id.* (citing 18 U.S.C. § 3142(g)).

In this case, the government relied upon the pretrial services report and the proffer the government presented at the detention hearing on May 29, 2019. For the reasons set forth below, the government has established by a preponderance of the evidence that defendant is a flight risk and by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community. 18 U.S.C. § 3142(f).

## II. THE COURT SHOULD DENY DEFENDANT'S MOTION FOR REVOCATION OF THE DETENTION ORDER

Both counts of the indictment qualify as crimes of violence. *See* 18 U.S.C. § 3142(g)(1) (nature and circumstances of the offense charged includes "whether the offense is a crime of violence"); 18 U.S.C. § 3156(a)(4)(C) (felonies under Chapters 110 and 117 qualify as crimes of violence for detention purposes).

At the detention hearing, the government proffered the following: (1) in an interview on November 8, 2018, defendant stated that a female minor had touched his penis; (2) in a phone call to the investigator the next day, defendant stated that he had taken inappropriate pictures of this female minor in which he could see her bottom; and (3) in examining electronic items seized from defendant, a forensic examiner found sexually explicit depictions of both the female minor and a male minor that were produced in defendant's apartment. The female minor and the male minor are referenced in the pretrial services report. (Docket 14 at 2).

2

Defendant's criminal history includes convictions for driving while intoxicated; driving after revocation; disorderly conduct (after defendant threatened to punch his girlfriend, threw her on a bed, and pushed his mother into a door frame); disorderly conduct (after defendant punched his girlfriend in the mouth, slapped her, grabbed her hair, and pushed her head against a car window); domestic assault (after defendant took his ex-girlfriend's phone and punched her in the face when she tried to retrieve it); and criminal damage to property (after defendant attempted to enter a man's vehicle, broke the door handle, punched the windshield, and threatened to kill the man and defendant's ex-girlfriend). (*Id.* at 4-7). Four of these incidents occurred when defendant was on probation, and he was on probation during part of the time of the instant offense. (*Id.*).

Defendant failed to appear for court in 2008 (two times) and in 2016. (*Id.* at 5, 7).

Defendant reported a history of drug use, including the use of cocaine, mushrooms, and marijuana. (*Id.* at 4). He reported using marijuana about three times per week from 1999 to November 2018. (*Id.*).

Defendant has a history of employment, and he has ties to the community. (*Id.* at 1-3).

The magistrate court correctly found that defendant had not rebutted the presumption for detention, and the magistrate court correctly found that the government met its burden of proving (1) by a preponderance of the evidence that defendant is a flight risk and (2) by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.

3

Factors supporting the magistrate court's determination include the presumption for detention on both counts, the nature and circumstances of the offenses, the fact the offenses are crimes of violence, the weight of the evidence, defendant's criminal history, his history of violence, his past offenses while on probation, his substance abuse, his prior failures to appear for court, and the lengthy period of incarceration he faces if convicted.

## III. CONCLUSION

For the above reasons, the government respectfully requests that the court deny defendant's motion for revocation of the detention order and affirm the magistrate court's order of detention.

Respectfully submitted,

PETER E. DEEGAN, JR.
United States Attorney

By: s/ Mark Tremmel

MARK TREMMEL
Assistant United States Attorney
111 Seventh Avenue SE, Box 1
Cedar Rapids, Iowa  52401
(319) 363-6333 / (319) 363-1990 (fax)
Mark.Tremmel@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on June 19, 2019.

UNITED STATES ATTORNEY

BY: s/ Mark Tremmel

COPIES TO:  Christopher Nathan