IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 19-2029-CJW |
| Plaintiff, | ) | |
| vs. | ) | GOVERNMENT'S SUPPLEMENTAL |
| AARON OLSON, | ) | BRIEF IN SUPPORT OF RESISTANCE |
| | ) | TO DEFENDANT'S MOTION |
| Defendant. | ) | TO SUPPRESS |

Pursuant to the Court's request for post-hearing briefs, the government states as follows:

Regarding defendant's challenge to the search warrants, defendant's expert Elizabeth Griffin referenced the work of persons including Kenneth Lanning. She referenced Lanning's monograph *Child Molesters: A Behavioral Analysis*, which the defense provided to the government. She testified about distinctions between preferential sex offenders and situational sex offenders.[1] She testified that, based on the research she had reviewed, approximately 50 percent of sex offenders against children are preferential and 50 percent are situational. She used the term "regressed," which she stated was a term used by another expert[2] instead of the term "situational."

In questioning Griffin, the government referenced page 36 of Lanning's monograph, which included the term "regressed" as one of three patterns of behavior for situational sex offenders. The government asked Griffin about the following statement

---

[1] This brief includes the government's recollection of the testimony, because no transcript is available at this time.

[2] Griffin referred to a name that sounded like "Graf" or "Rath."

1

on page 36: "This type of situational child molester may or may not collect child or adult pornography. If he does have child pornography it will usually be the 'best kind' from an investigative point of view—homemade photographs or videos of the child he is molesting." Griffin indicated that, overall, she agreed with this statement but that technological changes had occurred since the monograph was published.

Griffin indicated that, based on the research and the data that was available, she was not able to give an opinion on whether preferential or situational sex offenders were more likely to produce visual depictions of sex acts.

Special Agent Jon Turbett of the Iowa Division of Criminal Investigation testified that he had heard the term "preferential" used by law enforcement and that he had attended trainings on sex offenders. He stated that he was not familiar with Lanning's research and that he was not attempting to use Lanning's categories when using the term "preferential." He indicated that he believed the term "preferential" was accurate given the facts of this case and given the context of the sentence in which the word was used.

The testimony at the hearing did not establish that a preferential sex offender is more or less likely than a situational offender to produce child pornography. The search warrant affidavits do not place the word "preferential" in Lanning's analytical context. Griffin did not categorize defendant as a preferential or situational sex offender, and any expert categorization of defendant would not affect the issue of probable cause in this case.

For the reasons outlined in the government's resistance to defendant's motion to suppress, defendant has not made a substantial preliminary showing. First, Griffin's

testimony did not constitute a substantial preliminary showing of a false or reckless statement, and there was no false or reckless statement. Second, the information in each search warrant affidavit supported a finding of probable cause even without the two sentences defendant challenges.

For the reasons outlined in the government's resistance, the first search warrant affidavit established probable cause that evidence was present in defendant's apartment of (1) sexual abuse and (2) child pornography. In the event that the Court determines the affidavit did not establish probable cause to search for and seize evidence of child pornography, it nevertheless established probable cause to search for and seize evidence of sexual abuse.

The second search warrant contained additional evidence supporting probable cause to search for evidence of child pornography and sexual abuse; this additional evidence included defendant's statements during the interview and defendant's statements in his phone call to Special Agent Turbett. Therefore, if the Court finds that electronic items were properly seized under the first search warrant, the second search warrant provided additional probable cause for a forensic examiner to search these items for evidence of both child pornography and sexual abuse.

Regarding defendant's challenge to his interview, for the reasons outlined in the government's resistance, defendant was not in custody. In *United States v. Williams*, 760 F.3d 811 (8th Cir. 2014), the court stated, "But *Miranda* applies only when the circumstances approximate a formal arrest, and execution of a search warrant is not an arrest." *Id.* at 815. The fact that defendant's search warrant included photographs of

3

his body does not make his interview custodial under the factors set forth in *United States v. Griffin*, 922 F.2d 1343 (8th Cir. 1990).

For the reasons outlined in the government's resistance, defendant's motion to suppress should be denied.

<table>
<tr><td>

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on October 16, 2019.

UNITED STATES ATTORNEY

BY: s/ Mark Tremmel

COPIES TO:  Christopher Nathan

</td><td>

Respectfully submitted,

PETER E. DEEGAN, JR.
United States Attorney

By: s/ Mark Tremmel

MARK TREMMEL
Assistant United States Attorney
111 Seventh Avenue SE, Box 1
Cedar Rapids, Iowa  52401
(319) 363-6333 / (319) 363-1990 (fax)
Mark.Tremmel@usdoj.gov

</td></tr>
</table>