1    IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF IOWA
2

3   UNITED STATES OF AMERICA,    )
                                 )
4               Plaintiff,       )
                                 )
5       VS.                      )    19-CR-2029
                                 )
6   AARON OLSON,                 )
                                 )
7               Defendant.       )

8

9                  APPEARANCES:

10  ATTORNEY MARK A. TREMMEL, U.S. Attorney's Office,
    111 Seventh Avenue S.E., Box 1, Cedar Rapids, Iowa 52401,
11  appeared on behalf of the United States.

12  ATTORNEY CHRISTOPHER J. NATHAN, Federal Public Defender's
    Office, 222 Third Avenue S.E., Suite 290, Cedar Rapids,
13  Iowa 52401, appeared on behalf of the Defendant.

14

15              CHANGE OF PLEA HEARING,

16         HELD BEFORE THE HON. C.J. WILLIAMS,

17  on the 6th day of December, 2019, at 111 Seventh Avenue

18  S.E., Cedar Rapids, Iowa, commencing at 1:27 p.m., and

19  transcribed from an audio recording by Patrice A. Murray,

20  Certified Shorthand Reporter.

21  Transcript Ordered:  8/3/20
    Transcript Completed:  8/24/20
22

23          Patrice A. Murray, CSR, RPR, RMR, FCRR
               United States District Court
24               111 Seventh Avenue S.E.
             Cedar Rapids, Iowa 52401-2101
25                   (319) 286-2338

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 1 of 36

1
## <u>INDEX</u>

2

3
### <u>GOVERNMENT EXHIBITS</u>

4
Exhibit 1 -------- Plea Letter -------------------- 15

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

```
 1          (The following proceedings were held in open court.)
 2               THE COURT:  The matter now before the Court is
 3   the United States of America versus Aaron Olson, Criminal
 4   Case Number 19-CR-2029.  This matter comes on for a
 5   change of plea hearing pursuant to a Rule 11 of the
 6   Federal Rules of Criminal Procedure.  The United States
 7   is represented by Assistant United States Attorney Mark
 8   Tremmel.  The defendant is personally present and
 9   represented by Assistant Federal Public Defender Chris
10   Nathan.
11        This is being recorded by our recording equipment.
12   We do not have a court reporter present, but it is being
13   recorded.
14        Mr. Olson, you've been charged in an indictment with
15   five crimes.  Counts 1 and 2 charge you with the crime of
16   sexual exploitation of a child.  Counts 3 through 5
17   charge you with possession of child pornography.
18        Have you had a full opportunity to discuss these
19   charges in detail with your attorney?
20               THE DEFENDANT:  Yes, Your Honor.
21               THE COURT:  It's my understanding that you
22   intend to plead guilty to Counts 3 and 5 of this
23   indictment here today; is that correct?
24               THE DEFENDANT:  Yes, Your Honor.
25               THE COURT:  And I guess I've been saying the
```

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 3 of 36

  1   indictment.  It's actually a superseding indictment filed

  2   at document number 49.  During this hearing I'm going to

  3   be asking you a series of questions, and your answers to

  4   my questions must be under oath, so at this time I'm

  5   going to ask you to raise your right hand and I'll place

  6   you under oath.

  7         (Whereupon, the defendant was sworn by the Court.)

  8             THE COURT:  Thank you.  Mr. Olson, you are now

  9   under oath.  If you knowingly make a false statement or

 10   lie during your testimony here today, the government

 11   could charge you with the crimes of perjury or making a

 12   false statement; and if you were convicted of those

 13   crimes, you could be sentenced to a period of

 14   imprisonment and fined.  Do you understand that?

 15             THE DEFENDANT:  Yes, Your Honor.

 16             THE COURT:  It's important then that you answer

 17   my questions truthfully, because if you were to say a

 18   false statement here today, the government could use that

 19   very statement against you to charge you with those

 20   offenses.  Do you understand that?

 21             THE DEFENDANT:  Yes, Your Honor.

 22             THE COURT:  The first series of questions I

 23   have for you are really just designed to make sure that

 24   you are in a mental state here today where you can

 25   voluntarily and knowingly enter a guilty plea.  So let's

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 4 of 36

1  start with you telling me your full name, please.

2          THE DEFENDANT:  Aaron Leroy Olson.

3          THE COURT:  How old are you, sir?

4          THE DEFENDANT:  36.

5          THE COURT:  How far did you go through school?

6          THE DEFENDANT:  Twelfth grade.

7          THE COURT:  Do you have any difficulty reading

8  or understanding the English language?

9          THE DEFENDANT:  Not really, no.

10          THE COURT:  And when you say "not really,"

11  what's that mean?

12          THE DEFENDANT:  Comprehension isn't really the

13  best in reading, but . . .

14          THE COURT:  Okay, okay.  We're going to talk

15  about a written plea agreement here in a little bit, and

16  so we'll maybe cover that with you at that point.

17      Have you ever suffered from depression, anxiety, or

18  any type of mental illness?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  Can you tell me about that?

21          THE DEFENDANT:  When my kids were born, I had

22  some anxiety and depression.  And then actually,

23  currently, I'm under like medication for depression,

24  anxiety.

25          THE COURT:  Okay.  And you're being treated

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR  Document 160  Filed 08/24/20  Page 5 of 36

1  with medication, is that what you said?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  All right.  Here's my concern, I

4  want to make sure there's nothing about that mental

5  state, your anxiety or depression, or the medication

6  you're on, or the side effects of the medication, that

7  you believe would interfere in any way with your ability

8  to understand what's going on here today or your

9  decisions.  Do you think that the condition or the

10 medication in any way interferes with that?

11         THE DEFENDANT:  No, Your Honor.

12         THE COURT:  Okay.  Have you ever suffered --

13 I'm sorry, have you ever used illegal drugs or abused

14 alcohol?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  And can you tell me about that?

17         THE DEFENDANT:  I've smoked marijuana in the

18 past.

19         THE COURT:  All right.  Is there anything about

20 your use of marijuana in the past that you believe would

21 interfere with your ability to understand what you are

22 doing here today?

23         THE DEFENDANT:  No, Your Honor.

24         THE COURT:  Other than the medication you've

25 told me about for your mental condition, are you taking

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR  Document 160  Filed 08/24/20  Page 6 of 36

1    medication for any other purpose?

2              THE DEFENDANT:  Just blood thinner.

3              THE COURT:  Okay.  Anything about that

4    medication or the side effects that you believe would

5    interfere with your ability to understand what's going on

6    here today?

7              THE DEFENDANT:  No, Your Honor.

8              THE COURT:  In short, Mr. Olson, do you know of

9    any reason why you might have difficulty understanding

10   this proceeding or your decision in pleading guilty?

11             THE DEFENDANT:  No, Your Honor.

12             THE COURT:  It is important you understand

13   everything we talk about here today, so if at any point

14   you don't understand something I say, will you stop me

15   and let me know that?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  Thank you.

18        Mr. Nathan, do you have any reason to believe

19   Mr. Olson is not competent to enter a guilty plea?

20             MR. NATHAN:  No, Your Honor.

21             THE COURT:  Mr. Olson, I want to turn next to

22   talk to you about all the rights you'll be giving up if

23   you decide to plead guilty here today.  First, you have

24   the right to a lawyer to help and represent you through

25   every stage of this case.  Here, the Court has appointed

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 7 of 36

1   Mr. Nathan to represent you.  If you wanted to go to

2   trial and fight these charges, Mr. Nathan would continue

3   to represent you all the way through that trial without

4   any expense to you.  Do you understand that?

5         THE DEFENDANT:  Yes, Your Honor.

6         THE COURT:  Have you been generally satisfied

7   with the services provided by Mr. Nathan?

8         THE DEFENDANT:  Yes, Your Honor.

9         THE COURT:  You also have the right to a speedy

10   and public trial before a jury of twelve people selected

11   from a cross section of this community.  Both you and

12   Mr. Nathan would have a role in selecting the people who

13   would serve on your jury.  Your jurors would swear under

14   oath to try your case fairly based only on the evidence

15   admitted at trial and based on the law as I give it to

16   them.  The verdict would have to be unanimous, meaning

17   that all twelve jurors would have to agree on the

18   verdict.  Do you understand your right to a public and

19   speedy jury trial?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  There's also a presumption of

22   innocence.  What that means, Mr. Olson, is that if this

23   case went to trial, I would tell the jury that you are

24   presumed to be innocent of these charges and that that

25   presumption of innocence could only be overcome if the

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 8 of 36

1 government produced evidence that proved your guilt

2 beyond a reasonable doubt.  In fact, I would tell the

3 jury that the presumption of innocence alone is

4 sufficient to find you not guilty.  Do you understand

5 that?

6         THE DEFENDANT:  Yes, Your Honor.

7         THE COURT:  You also have the right of

8 confrontation.  What that means is that if this case went

9 to trial, the government would have to call its witnesses

10 here in open court.  You would have a right to confront

11 those witnesses and they could confront you -- they could

12 see you.  You wouldn't have to confront those witnesses,

13 but if you wanted to challenge their testimony, you could

14 do so by having Mr. Nathan cross-examine those witnesses.

15 But, Mr. Olson, if you plead guilty here this afternoon,

16 you're going to give up any right you would have to

17 confront witnesses against you on these charges.  Do you

18 understand that?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  You also have the right to present

21 a defense.  Now, in a criminal case like this, the burden

22 of proof is always on the government, and that burden

23 would never shift to you.  So if this case went to trial,

24 you wouldn't have to produce any evidence if you did not

25 want to; but if you wanted to, you could produce a

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 9 of 36

1    defense.  You could offer exhibits into evidence or call

2    witnesses.  But again, Mr. Olson, if you plead guilty to

3    this -- to these offenses here today, you give up forever

4    your right to present a defense to these charges.  Do you

5    understand that?

6            THE DEFENDANT:  Yes, Your Honor.

7            THE COURT:  Finally, you have the right to

8    remain silent.  Now, you could testify at your own trial

9    if you wanted to, of course.  But you would not have to

10   testify and nobody could force you to testify.  If you

11   chose not to testify, I would tell the jury that they

12   could not consider that in any way or hold that against

13   you in any way in arriving at their verdict.  Do you

14   understand that?

15           THE DEFENDANT:  Yes, Your Honor.

16           THE COURT:  In short, Mr. Olson, if you plead

17   guilty here today, there will be no more proceedings.

18   You will be found guilty based on your pleas of guilty,

19   just as if the jury had deliberated and returned a guilty

20   verdict against you, and the only thing that will be left

21   will be your sentencing hearing.  Do you understand that?

22           THE DEFENDANT:  Yes, Your Honor.

23           THE COURT:  Before I can accept your guilty

24   plea, Mr. Olson, I need to be satisfied that you are in

25   fact guilty as charged in Counts 3 and 4 of this

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript*
Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 10 of 36

```
 1   indictment, superseding indictment.  For you to be found
 2   guilty of the crime of possession of child pornography as
 3   charged in Count 3 of the indictment, the government
 4   would have to prove four things to a jury beyond a
 5   reasonable doubt.
 6        First, the government would have to prove that
 7   between in or about October of 2017 and November of 2018,
 8   in the Northern District of Iowa, you knowingly possessed
 9   one or more visual depictions of child pornography.  Do
10   you understand the first thing the government would have
11   to prove?
12             THE DEFENDANT:  Yes, Your Honor.
13             THE COURT:  And did you sometime between
14   October of 2017 and November of 2018 knowingly possess
15   one or more visual depictions of child pornography?
16             THE DEFENDANT:  Yes, Your Honor.
17             THE COURT:  And what city or town did that take
18   place in?
19             THE DEFENDANT:  Nora Springs.
20             THE COURT:  The second thing the government
21   would have to prove is that you knew that the visual
22   depiction or depictions were of a minor engaging in
23   sexually explicit conduct.  Do you understand the second
24   thing the government would have to prove?
25             THE DEFENDANT:  Yes, Your Honor.
```

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 11 of 36

1          THE COURT:  And did you know that that visual

2     depiction or depictions were of a minor engaged in

3     sexually explicit conduct?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  The third thing the government

6     would have to prove is that the visual depiction or

7     depictions had been produced using a Hitachi hard drive

8     from a Toshiba laptop computer that had previously been

9     transported in interstate or foreign commerce.  Do you

10    understand the third thing the government would have to

11    prove?

12          THE DEFENDANT:  Yes, Your Honor.

13          THE COURT:  And is it your understanding that

14    the depictions were produced using a Hitachi hard drive

15    from the Toshiba laptop and that those had been

16    previously transported in interstate or foreign commerce?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  The last thing the government would

19    have to prove to have you be found guilty of Count 3 is

20    that one or more of the visual depictions involved a

21    minor who you knew to be prepubescent or yet to attain

22    twelve years of age.  Do you understand the last thing

23    the government would have to prove?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  And did you know that the visual

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR  Document 160  Filed 08/24/20  Page 12 of 36

1  depictions involved a minor who you knew to be

2  prepubescent or not yet twelve years of age?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  For the government to find you

5  guilty of the crime of possession of child pornography as

6  charged in Count 5 of the indictment, the government

7  would have to prove four things again to the jury beyond

8  a reasonable doubt.

9      First, the government would have to prove that

10 between in or about October of 2017 and May of 2019 in

11 the Northern District of Iowa, you knowingly possessed

12 one or more visual depictions of child pornography.  Do

13 you understand the first thing the government would have

14 to prove?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  And did you sometime between

17 October of 2017 and May of 2019 knowingly possess one or

18 more visual depictions of child pornography?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  And did that take place again in

21 Nora Springs?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  The second thing the government

24 would have to prove is that you knew the visual

25 depictions were of a minor engaged in sexually explicit

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 6:19-cr-02029-CJW-MAR  Document 160  Filed 08/24/20  Page 13 of 36

1  conduct.  Do you understand the second thing the

2  government would have to prove?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Did you know those depictions were

5  of a minor engaged in sexually explicit conduct?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  The third thing the government

8  would have to prove is that the visual depictions had

9  been produced using a Kodak SD card that had previously

10  been transported in interstate or foreign commerce.  Do

11  you understand the third thing the government would have

12  to prove?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  And were those depictions produced

15  using a Kodak SD card that had been previously

16  transported in interstate or foreign commerce?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  The last thing the government would

19  have to prove for you to be found guilty of Count 5 is

20  that one or more of the visual depictions involved a

21  minor who you knew to be prepubescent or not yet

22  twelve years of age.  Do you understand the last thing

23  the government would have to prove with respect to Count

24  5?

25          THE DEFENDANT:  Yes, Your Honor.

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 6:19-cr-02029-CJW-MAR  Document 160  Filed 08/24/20  Page 14 of 36

```
1              THE COURT:  And did you know that the visual

2    depictions involved a minor who you knew was not yet

3    twelve years of age or was otherwise prepubescent?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  The parties have entered into a

6    plea agreement in this case.  It's in the form of a

7    letter from Mr. Tremmel to Mr. Nathan.  It's been marked

8    as Government's Exhibit Number 1.

9         Is that being offered into evidence?

10             MR. TREMMEL:  Your Honor, the government offers

11   Exhibit 1.  We would request that it be admitted under

12   seal.  We would also note that this was executed on

13   December 5th, but maybe a short record, that two of the

14   signatures on the last page say November 5th.

15             THE COURT:  And I noted that as well, and so

16   I'll talk with the defendant about that.  Any objection

17   to the Court receiving Exhibit 1 under seal?

18             MR. NATHAN:  No, Your Honor.

19             THE COURT:  1 will be received and filed under

20   seal.

21        (Whereupon, Exhibit 1 was received.)

22             THE COURT:  Mr. Olson, you have a copy of this

23   plea agreement in front of you, sir?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  I'd like you to take a look at the
```

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 15 of 36

1   last page.  That's the signature page, and your name is

2   typed out there.  Is that your signature that appears

3   above your name?

4           THE DEFENDANT:  Yes, Your Honor.

5           THE COURT:  It is dated November 5, 2019, but

6   was this signed I guess yesterday, on December 5, 2019?

7           THE DEFENDANT:  Yes, it was, Your Honor.

8           THE COURT:  Very good.  Had you reviewed this

9   plea agreement in its entirety before you signed it?

10          THE DEFENDANT:  Yes, I did, Your Honor.

11          THE COURT:  You talked previously, Mr. Olson,

12  that sometimes you have some comprehension issues.  Did

13  you talk this over with Mr. Nathan as you went through

14  it?

15          THE DEFENDANT:  Yes, we did.

16          THE COURT:  I don't want to know what you asked

17  him or what he said, but was he able to answer any

18  questions you had about this document?

19          THE DEFENDANT:  Yes, he did, Your Honor.

20          THE COURT:  And do you feel like you fully

21  comprehended this document?

22          THE DEFENDANT:  Yes, I did, Your Honor.

23          THE COURT:  By placing your signature there on

24  page 13, did you intend to indicate that you understood

25  and agreed to the terms of this plea agreement then?

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 6:19-cr-02029-CJW-MAR  Document 160  Filed 08/24/20  Page 16 of 36

```
1          THE DEFENDANT:  Yes, I did, Your Honor.
2          THE COURT:  I'd like you to turn to page 3 of
3    this plea agreement.  At -- starting at paragraph 9 is a
4    section entitled Stipulation of Facts.  It carries over
5    to page 5, and it has subparagraphs A through E.  Next to
6    each of those subparagraphs are initials that appear to
7    be AO.  Are those your initials.
8          THE DEFENDANT:  Yes, they are, Your Honor.
9          THE COURT:  Did you place your initials next to
10   each of those paragraphs to indicate that the information
11   contained in them were true and accurate?
12         THE DEFENDANT:  Yes, I did, Your Honor.
13         THE COURT:  And in fact, Mr. Olson, as I go
14   through this plea agreement in its entirety, wherever I
15   see paragraphs with blanks, I see those same AO initials.
16   And did you place those initials there in each of those
17   instances?
18         THE DEFENDANT:  Yes, I did, Your Honor.
19         THE COURT:  Did you do so to indicate that you
20   read and understood and agreed to the terms of each of
21   those paragraphs?
22         THE DEFENDANT:  Yes, Your Honor.
23         THE COURT:  Mr. Tremmel, did I accurately
24   describe the elements of Counts 3 and 5 of this
25   superseding indictment?
```

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 17 of 36

1    MR. TREMMEL:  Yes, Your Honor.

2    THE COURT:  Do you believe I've established an

3 adequate factual basis for the defendant's guilty pleas

4 to those counts?

5    MR. TREMMEL:  Yes, Your Honor.

6    THE COURT:  Mr. Nathan, do you believe that

7 your client understands the elements of these charges?

8    MR. NATHAN:  Yes, Your Honor.

9    THE COURT:  Have I established an adequate

10 factual basis for his guilty pleas to those charges?

11    MR. NATHAN:  Yes, Your Honor.

12    THE COURT:  Have you had full access to the

13 government's discovery in this case?

14    MR. NATHAN:  Yes, Your Honor.

15    THE COURT:  Based upon your own review of the

16 discovery, are you satisfied that it also establishes a

17 factual basis for Mr. Olson's guilty pleas to these

18 charges?

19    MR. NATHAN:  Yes, Your Honor.

20    THE COURT:  Do you know of any defense to these

21 charges, Mr. Nathan, that you've not already considered

22 and discussed with your client?

23    MR. NATHAN:  No, Your Honor.

24    THE COURT:  Mr. Olson, I want to talk to you

25 next about the penalties the Court could impose.  Now,

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 6:19-cr-02029-CJW-MAR  Document 160  Filed 08/24/20  Page 18 of 36

1    this plea agreement is what's called an 11(c)(1)(C) plea

2    agreement, and that's reflected in paragraph 11 of this

3    plea agreement.  In that paragraph, the parties have

4    jointly agreed that the Court should impose a sentence of

5    480 months and that, if I accept this plea agreement,

6    then that will be the sentence that will be imposed.  If

7    I don't accept this plea agreement, then both parties may

8    withdraw from it and neither is bound by the plea

9    agreement.  Do you understand what all that means?

10           THE DEFENDANT:  Yes, Your Honor.

11           THE COURT:  All right.  I want to talk to you

12   then about the possible sentences that could be imposed

13   before I decide to accept this plea agreement so you

14   fully understand what the possible punishments are.

15   Count 3 of the superseding indictment is punishable by up

16   to 20 years in prison without the possibility of parole.

17   After you've served any prison sentence, the -- you will

18   be placed on a term of supervised release of at least

19   5 years and it could be up to life on supervised release.

20   I could impose a fine of up to $250,000, and I must

21   impose a mandatory special assessment of $100.  In

22   addition, unless I find you to be indigent, I must also

23   impose a mandatory special assessment of $5,000.  The

24   penalty for Count 5 is exactly the same.

25       I can what we call stack the penalties on the years

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 19 of 36

1  of imprisonment and fine, which means that if you plead
2  guilty to both Counts 3 and 5, I could sentence you up to
3  40 years in prison without the possibility of parole;
4  impose a fine of up to $500,000; I must impose both terms
5  of the special assessment of $100, for a total of $200.
6  I could also, unless I find you to be indigent, impose
7  the special assessment of $5,000 for each count, for a
8  total of $10,000, in addition to the $200.  And again, I
9  can place you on a term of supervised release that must
10 be at least 5 years and it could be up to life on
11 supervised release.
12      Do you understand the maximum punishment that I
13 could impose if you plead guilty to both of these counts?
14           THE DEFENDANT:  Yes, Your Honor.
15           THE COURT:  At the time of sentencing, I will
16 perform a calculation under the federal sentencing
17 guidelines issued by the United States Sentencing
18 Commission.  That calculation will result in what's
19 called an advisory guideline range.  That's simply a
20 range of months within which the Sentencing Commission
21 suggests that I should sentence you based on your crimes
22 of conviction and your background.  I have to consider
23 that advisory guideline range in determining your
24 sentence but I'm not bound to sentence you within that
25 advisory range.  I can depart upward or downward from

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 20 of 36

1  that range based on the factors set forth in the

2  guidelines, or vary upward or downward from that range

3  based on the factors set forth in the sentencing statute.

4  So it's important for you to understand that the sentence

5  I impose at the time of your sentencing could be

6  different than what the advisory guideline range suggests

7  I should impose, and it could be all the way up to the

8  statutory maximum, in this case the 40 years in prison

9  without the possibility of parole.  Do you understand all

10  that?

11       THE DEFENDANT:  Yes, Your Honor.

12       THE COURT:  You also need to understand that

13  you will be in custody for all of any prison sentence you

14  receive, reduced only for any credit you may earn for

15  good behavior while in prison.  You will not be seeing a

16  parole board or being paroled early out of prison because

17  there is no parole in the federal system.  Do you

18  understand that?

19       THE DEFENDANT:  Yes, Your Honor.

20       THE COURT:  Are you a United States citizen,

21  sir?

22       THE DEFENDANT:  Yes, Your Honor.

23       THE COURT:  These are felony offenses, and so

24  as a result of these convictions, you will lose the right

25  to vote, to hold public office, to serve on a jury, and

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 6:19-cr-02029-CJW-MAR  Document 160  Filed 08/24/20  Page 21 of 36

```
1   to possess firearms and ammunition.  Do you understand

2   the loss of citizenship rights that are associated with

3   the felony conviction?

4            THE DEFENDANT:  Yes, Your Honor.

5            THE COURT:  I mentioned to you, Mr. Olson, that

6   after you serve your prison sentence, I will place you on

7   a term of supervised release of at least 5 years and it

8   could be up to life on supervised release.  During that

9   time, the -- your conduct will be monitored by a United

10  States probation officer.  At the time of sentencing, I

11  will impose certain conditions on your supervised

12  release.  There are standard conditions that apply in

13  every case, things like you cannot commit any federal,

14  state, or local crime, and you can't use or possess

15  controlled substances.  There's likely going to be other

16  conditions I will impose on your supervised release as

17  well.

18       It's important for you to understand that you must

19  comply with all those terms and conditions while on

20  supervised release, because if you violate any of them, I

21  can revoke your supervised release and send you back to

22  prison for all of any time you otherwise would have been

23  on supervised release, and I do not have to give you any

24  credit for any time up to that point you might have

25  successfully served on supervised release without any
```

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR  Document 160  Filed 08/24/20  Page 22 of 36

1   violations.

2        Do you understand all that?

3            THE DEFENDANT:  Yes, Your Honor.

4            THE COURT:  I'd like you to turn to page 6 of

5   the plea agreement under a section entitled Financial

6   Matters.  At paragraph 17, you agreed to pay full

7   restitution to any victims in this case.  Do you

8   understand that that's a term of your plea agreement in

9   this case?

10           THE DEFENDANT:  Yes, Your Honor.

11           THE COURT:  If you turn to page 8, there's a

12  section entitled Forfeiture, and in that section you

13  agreed to forfeit to the United States any right or

14  interest you have in any property seized from you during

15  your arrest or search, including the search of your

16  property on November 8th and 9th of 2018 and May 2nd of

17  2019.  Do you understand that by pleading guilty pursuant

18  to this plea agreement that you are agreeing to forfeit

19  any right or interest you have to those items?

20           THE DEFENDANT:  Yes, Your Honor.

21           THE COURT:  And, Mr. Tremmel, those items, I

22  assume, are computer-related items?

23           MR. TREMMEL:  For the most part, yes, Your

24  Honor.

25           THE COURT:  All right.  And then, at

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR  Document 160  Filed 08/24/20  Page 23 of 36

1  paragraph 32 of the plea agreement, Mr. Olson, you agree

2  that you understand that as a result of this conviction,

3  you are going to be required under the Sex Offender

4  Registration and Notification Act to file and register as

5  a sex offender.  Do you understand that?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Mr. Tremmel, I will talk with the

8  defendant about appeal rights at a later time in this

9  proceeding, but are there any other collateral

10  consequences that would arise from the defendant's guilty

11  plea in this case of which I need to be advised?  Or --

12          MR. TREMMEL:  No --

13          THE COURT:  -- or that he needs to be advised.

14          MR. TREMMEL:  No, Your Honor.

15          THE COURT:  Mr. Olson, if you plead guilty here

16  today, I will order a presentence investigation.  A

17  probation officer will conduct a thorough investigation

18  of this case and of your background and will draft a

19  presentence investigation report.  Both you and the

20  government will get a copy of that draft report.  It's

21  important you go over it very carefully with Mr. Nathan

22  and point out to him any mistakes or errors you see in

23  that report, because I'm going to rely very heavily upon

24  that report in trying to decide what the most appropriate

25  sentence should be for you, and so it's important that

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR  Document 160  Filed 08/24/20  Page 24 of 36

1    that report is as accurate as can be.

2         After all corrections are made to the draft report,

3    the probation officer will issue a final presentence

4    report.  Again, both you and the government will get a

5    copy of that final report and I will get a copy too.

6         I will then schedule a sentencing hearing.  At the

7    sentencing hearing, both you and the government can

8    present evidence if you wish, and you will also be given

9    an opportunity to speak to me directly to tell me

10   anything you'd like me to take into account in

11   determining your sentence.

12        Do you have any questions about the sentencing

13   procedures that would follow a guilty plea in this case?

14             THE DEFENDANT:  No, Your Honor.

15             THE COURT:  Now, normally, Mr. Olson, both you

16   and the government would have a right to appeal any

17   sentence that I would impose in this case, but in this

18   instance, you have signed a plea agreement that at

19   paragraph 28 provides a waiver of appeal, and so you have

20   waived any right to appeal except under the limited

21   circumstances set forth in that paragraph.

22        Do you understand that?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  Mr. Olson, if you plead guilty here

25   today, you will have no right to withdraw that guilty

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 25 of 36

1    plea later, even if you change your mind or even if you

2    were unhappy with the sentence imposed.  Do you

3    understand that?

4            THE DEFENDANT:  Yes, Your Honor.

5            THE COURT:  Has anybody forced or pressured you

6    or threatened you in any way or made any promises to you

7    to try to get you to plead guilty here today, other than

8    the promises the government has made to you in this

9    written plea agreement?

10           THE DEFENDANT:  No, Your Honor.

11           THE COURT:  Mr. Nathan, do you believe the

12   guilty plea in this case would be voluntary?

13           MR. NATHAN:  Yes, Your Honor.

14           THE COURT:  Do you know of any legal reason why

15   a guilty plea should not be accepted?

16           MR. NATHAN:  No, Your Honor.

17           THE COURT:  Are you aware of anything I have

18   omitted that would affect the validity of the guilty

19   plea?

20           MR. NATHAN:  No, Your Honor.

21           THE COURT:  Mr. Tremmel, are you aware of

22   anything I have omitted that would affect the validity of

23   the guilty plea?

24           MR. TREMMEL:  No, Your Honor.

25           THE COURT:  Mr. Olson, we've covered a lot of

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 26 of 36

```
 1   information here today, and I want to make sure you've
 2   understood it all so you don't come back to me later
 3   telling me there was something you didn't understand or
 4   that somebody forced or pressured you to plead guilty or
 5   something like that.  Have you understood everything
 6   we've talked about here today, sir?
 7              THE DEFENDANT:  Yes, Your Honor.
 8              THE COURT:  Do you have any questions about
 9   anything we've discussed?
10              THE DEFENDANT:  No, Your Honor.
11              THE COURT:  Has anybody forced or pressured you
12   in any way to plead guilty here today?
13              THE DEFENDANT:  No, Your Honor.
14              THE COURT:  Is your decision to plead guilty a
15   voluntary decision?
16              THE DEFENDANT:  Yes, Your Honor.
17              THE COURT:  Then, formally and for the record,
18   Mr. Olson, how do you plead to Count 3 of the superseding
19   indictment that charges you with the crime of possession
20   of child pornography?  Guilty or not guilty.
21              THE DEFENDANT:  Guilty, Your Honor.
22              THE COURT:  And how do you plead to Count 5 of
23   the superseding indictment that charges you with the
24   crime of possession of child pornography?  Guilty or not
25   guilty.
```

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 27 of 36

1          THE DEFENDANT:  Guilty, Your Honor.

2          THE COURT:  I find the -- first of all, the

3   record will reflect the defendant has pled guilty to both

4   Counts 3 and 5 of the superseding indictment.  I find

5   that the defendant is competent, he fully understands the

6   charges against him, and that there is a factual basis

7   for his pleas of guilty to Counts 3 and 5 of the

8   superseding indictment.

9       I find that Mr. Olson understands the maximum

10  punishment the Court could impose by pleading guilty and

11  he knows his jury trial rights and has voluntarily waived

12  those rights.  I further find the defendant's decision to

13  plead guilty was a voluntary and knowing one and it was

14  not the result of any force, pressure, threats, or

15  promises, other than the promises set forth in the

16  written plea agreement that's been admitted as

17  Government's Exhibit Number 1.  Therefore, I conclude the

18  defendant is guilty based on his pleas of guilty.  I also

19  accept the plea agreement and the terms of the plea

20  agreement under this 11(c)(1)(C) plea agreement that has

21  been admitted as Government's Exhibit 1.

22      Mr. Tremmel, does the government wish me to make any

23  factual nexus finding between any particular asset and

24  the crimes of conviction in this case?

25          MR. TREMMEL:  No, Your Honor.

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 28 of 36

```
 1              THE COURT:  I hereby order a presentence
 2    investigation.  I will schedule a sentencing hearing at a
 3    later date.
 4         All right.  Mr. Olson, do you have any questions
 5    about anything we've done here today?
 6              THE DEFENDANT:  No, Your Honor.
 7              THE COURT:  Mr. Tremmel, anything further on
 8    behalf of the United States?
 9              MR. TREMMEL:  No, Your Honor.
10              THE COURT:  Mr. Nathan, anything further?
11              MR. NATHAN:  No, Your Honor.
12              THE COURT:  All right.  That concludes the
13    hearing.
14         (Proceedings concluded at 1:56 p.m.)
15
16
17
18
19
20
21
22
23
24
25
```

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR  Document 160  Filed 08/24/20  Page 29 of 36

```
 1                    C E R T I F I C A T E

 2            I, Patrice A. Murray, a Certified Shorthand
     Reporter of the State of Iowa, do hereby certify that at
 3   the time and place heretofore indicated, a hearing was
     held before the Honorable C.J. Williams; that I
 4   transcribed from an audio recording the proceedings of
     said hearing to the best of my ability; and that the
 5   foregoing transcript is a true record of all proceedings
     had on the taking of said hearing at the above time and
 6   place.

 7            I further certify that I am not related to or
     employed by any of the parties to this action, and
 8   further, that I am not a relative or employee of any
     attorney or counsel employed by the parties hereto or
 9   financially interested in the action.

10        IN WITNESS WHEREOF, I have set my hand this 24th day
     of August, 2020.

11

12            /s/ Patrice A. Murray
              Patrice A. Murray, CSR, RPR, RMR, FCRR
13            United States District Court, NDIA
              111 Seventh Avenue S.E.
14            Cedar Rapids, Iowa 52401-2101

15

16

17

18

19

20

21

22

23

24

25
```

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR Document 160 Filed 08/24/20 Page 30 of 36

## $

**$10,000** [1] - 20:8
**$100** [2] - 19:21, 20:5
**$200** [2] - 20:5, 20:8
**$250,000** [1] - 19:20
**$5,000** [2] - 19:23, 20:7
**$500,000** [1] - 20:4

## /

**/s** [1] - 30:12

## 1

**1** [10] - 1:10, 2:4, 3:15, 15:8, 15:11, 15:17, 15:19, 15:21, 28:17, 28:21
**11** [2] - 3:5, 19:2
**11(c)(1)(C** [2] - 19:1, 28:20
**111** [4] - 1:10, 1:17, 1:24, 30:13
**13** [1] - 16:24
**15** [1] - 2:4
**17** [1] - 23:6
**19-CR-2029** [2] - 1:5, 3:4
**1:27** [1] - 1:18
**1:56** [1] - 29:14

## 2

**2** [1] - 3:15
**20** [1] - 19:16
**2017** [4] - 11:7, 11:14, 13:10, 13:17
**2018** [3] - 11:7, 11:14, 23:16
**2019** [6] - 1:17, 13:10, 13:17, 16:5, 16:6, 23:17
**2020** [1] - 30:10
**222** [1] - 1:12
**24th** [1] - 30:10
**28** [1] - 25:19
**286-2338** [1] - 1:25
**290** [1] - 1:12
**2nd** [1] - 23:16

## 3

**3** [12] - 3:16, 3:22, 10:25, 11:3, 12:19, 17:2, 17:24, 19:15, 20:2, 27:18, 28:4, 28:7
**319** [1] - 1:25
**32** [1] - 24:1
**36** [1] - 5:4

## 4

**4** [1] - 10:25
**40** [2] - 20:3, 21:8
**480** [1] - 19:5
**49** [1] - 4:2

## 5

**5** [17] - 3:16, 3:22, 13:6, 14:19, 14:24, 16:5, 16:6, 17:5, 17:24, 19:19, 19:24, 20:2, 20:10, 22:7, 27:22, 28:4, 28:7
**52401** [2] - 1:10, 1:13
**52401-2101** [2] - 1:24, 30:14
**5th** [2] - 15:13, 15:14

## 6

**6** [1] - 23:4
**6th** [1] - 1:17

## 8

**8** [1] - 23:11
**8/24/20** [1] - 1:21
**8/3/20** [1] - 1:21
**8th** [1] - 23:16

## 9

**9** [1] - 17:3
**9th** [1] - 23:16

## A

**AARON** [1] - 1:6
**Aaron** [2] - 3:3, 5:2
**ability** [4] - 6:7, 6:21, 7:5, 30:4
**able** [1] - 16:17
**abused** [1] - 6:13
**accept** [5] - 10:23, 19:5, 19:7, 19:13, 28:19
**accepted** [1] - 26:15
**access** [1] - 18:12
**account** [1] - 25:10
**accurate** [2] - 17:11, 25:1
**accurately** [1] - 17:23
**Act** [1] - 24:4
**action** [2] - 30:7, 30:9
**addition** [2] - 19:22, 20:8
**adequate** [2] - 18:3, 18:9
**admitted** [4] - 8:15, 15:11, 28:16, 28:21
**advised** [2] - 24:11, 24:13
**advisory** [4] - 20:19, 20:23,

20:25, 21:6
**affect** [2] - 26:18, 26:22
**afternoon** [1] - 9:15
**age** [4] - 12:22, 13:2, 14:22, 15:3
**agree** [2] - 8:17, 24:1
**agreed** [5] - 16:25, 17:20, 19:4, 23:6, 23:13
**agreeing** [1] - 23:18
**agreement** [24] - 5:15, 15:6, 15:23, 16:9, 16:25, 17:3, 17:14, 19:1, 19:2, 19:3, 19:5, 19:7, 19:9, 19:13, 23:5, 23:8, 23:18, 24:1, 25:18, 26:9, 28:16, 28:19, 28:20
**alcohol** [1] - 6:14
**alone** [1] - 9:3
**America** [1] - 3:3
**AMERICA** [1] - 1:3
**ammunition** [1] - 22:1
**answer** [2] - 4:16, 16:17
**answers** [1] - 4:3
**anxiety** [4] - 5:17, 5:22, 5:24, 6:5
**AO** [2] - 17:7, 17:15
**appeal** [4] - 24:8, 25:16, 25:19, 25:20
**appear** [1] - 17:6
**APPEARANCES** [1] - 1:9
**appeared** [2] - 1:11, 1:13
**apply** [1] - 22:12
**appointed** [1] - 7:25
**appropriate** [1] - 24:24
**arise** [1] - 24:10
**arrest** [1] - 23:15
**arriving** [1] - 10:13
**assessment** [4] - 19:21, 19:23, 20:5, 20:7
**asset** [1] - 28:23
**Assistant** [2] - 3:7, 3:9
**associated** [1] - 22:2
**assume** [1] - 23:22
**attain** [1] - 12:21
**ATTORNEY** [2] - 1:10, 1:12
**attorney** [2] - 3:19, 30:8
**Attorney** [1] - 3:7
**Attorney's** [1] - 1:10
**audio** [2] - 1:19, 30:4
**August** [1] - 30:10
**Avenue** [5] - 1:10, 1:12, 1:17, 1:24, 30:13
**aware** [2] - 26:17, 26:21

## B

**background** [2] - 20:22, 24:18
**based** [8] - 8:14, 8:15, 10:18, 18:15, 20:21, 21:1, 21:3, 28:18
**basis** [4] - 18:3, 18:10,

18:17, 28:6
**BEFORE** [1] - 1:16
**behalf** [3] - 1:11, 1:13, 29:8
**behavior** [1] - 21:15
**best** [2] - 5:13, 30:4
**between** [5] - 11:7, 11:13, 13:10, 13:16, 28:23
**beyond** [3] - 9:2, 11:4, 13:7
**bit** [1] - 5:15
**blanks** [1] - 17:15
**blood** [1] - 7:2
**board** [1] - 21:16
**born** [1] - 5:21
**bound** [2] - 19:8, 20:24
**Box** [1] - 1:10
**burden** [2] - 9:21, 9:22

## C

**C.J** [2] - 1:16, 30:3
**calculation** [2] - 20:16, 20:18
**call** [3] - 9:9, 10:1, 19:25
**called** [2] - 19:1, 20:19
**cannot** [1] - 22:13
**card** [2] - 14:9, 14:15
**carefully** [1] - 24:21
**carries** [1] - 17:4
**Case** [1] - 3:4
**case** [18] - 7:25, 8:14, 8:23, 9:8, 9:21, 9:23, 15:6, 18:13, 21:8, 22:13, 23:7, 23:9, 24:11, 24:18, 25:13, 25:17, 26:12, 28:24
**Cedar** [5] - 1:10, 1:12, 1:18, 1:24, 30:14
**certain** [1] - 22:11
**Certified** [2] - 1:20, 30:2
**certify** [2] - 30:2, 30:7
**challenge** [1] - 9:13
**CHANGE** [1] - 1:15
**change** [2] - 3:5, 26:1
**charge** [4] - 3:15, 3:17, 4:11, 4:19
**charged** [4] - 3:14, 10:25, 11:3, 13:6
**charges** [12] - 3:19, 8:2, 8:24, 9:17, 10:4, 18:7, 18:10, 18:18, 18:21, 27:19, 27:23, 28:6
**child** [10] - 3:16, 3:17, 11:2, 11:9, 11:15, 13:5, 13:12, 13:18, 27:20, 27:24
**chose** [1] - 10:11
**Chris** [1] - 3:9
**CHRISTOPHER** [1] - 1:12
**circumstances** [1] - 25:21
**citizen** [1] - 21:20
**citizenship** [1] - 22:2
**city** [1] - 11:17
**client** [2] - 18:7, 18:22
**collateral** [1] - 24:9

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR Document 160 Filed 08/24/20 Page 31 of 36

**commencing** [1] - 1:18
**commerce** [4] - 12:9, 12:16, 14:10, 14:16
**Commission** [2] - 20:18, 20:20
**commit** [1] - 22:13
**community** [1] - 8:11
**competent** [2] - 7:19, 28:5
**Completed** [1] - 1:21
**comply** [1] - 22:19
**comprehended** [1] - 16:21
**comprehension** [2] - 5:12, 16:12
**computer** [2] - 12:8, 23:22
**computer-related** [1] - 23:22
**concern** [1] - 6:3
**conclude** [1] - 28:17
**concluded** [1] - 29:14
**concludes** [1] - 29:12
**condition** [2] - 6:9, 6:25
**conditions** [4] - 22:11, 22:12, 22:16, 22:19
**conduct** [6] - 11:23, 12:3, 14:1, 14:5, 22:9, 24:17
**confront** [4] - 9:10, 9:11, 9:12, 9:17
**confrontation** [1] - 9:8
**consequences** [1] - 24:10
**consider** [2] - 10:12, 20:22
**considered** [1] - 18:21
**contained** [1] - 17:11
**continue** [1] - 8:2
**controlled** [1] - 22:15
**convicted** [1] - 4:12
**conviction** [4] - 20:22, 22:3, 24:2, 28:24
**convictions** [1] - 21:24
**copy** [4] - 15:22, 24:20, 25:5
**correct** [1] - 3:23
**corrections** [1] - 25:2
**counsel** [1] - 30:8
**count** [1] - 20:7
**Count** [9] - 11:3, 12:19, 13:6, 14:19, 14:23, 19:15, 19:24, 27:18, 27:22
**Counts** [8] - 3:15, 3:16, 3:22, 10:25, 17:24, 20:2, 28:4, 28:7
**counts** [2] - 18:4, 20:13
**course** [1] - 10:9
**Court** [9] - 1:23, 3:2, 4:7, 7:25, 15:17, 18:25, 19:4, 28:10, 30:13
**COURT** [103] - 1:1, 3:2, 3:21, 3:25, 4:8, 4:16, 4:22, 5:3, 5:5, 5:7, 5:10, 5:14, 5:20, 5:25, 6:3, 6:12, 6:16, 6:19, 6:24, 7:3, 7:8, 7:12, 7:17, 7:21, 8:6, 8:9, 8:21, 9:7, 9:20, 10:7, 10:16, 10:23, 11:13, 11:17, 11:20, 12:1, 12:5, 12:13, 12:18, 12:25, 13:4, 13:16,

13:20, 13:23, 14:4, 14:7, 14:14, 14:18, 15:1, 15:5, 15:15, 15:19, 15:22, 15:25, 16:5, 16:8, 16:11, 16:16, 16:20, 16:23, 17:2, 17:9, 17:13, 17:19, 17:23, 18:2, 18:6, 18:9, 18:12, 18:15, 18:20, 18:24, 19:11, 20:15, 21:12, 21:20, 21:23, 22:5, 23:4, 23:11, 23:21, 23:25, 24:7, 24:13, 24:15, 25:15, 25:24, 26:5, 26:11, 26:14, 26:17, 26:21, 26:25, 27:8, 27:11, 27:14, 27:17, 27:22, 28:2, 29:1, 29:7, 29:10, 29:12
**court** [3] - 3:1, 3:12, 9:10
**cover** [1] - 5:16
**covered** [1] - 26:25
**credit** [2] - 21:14, 22:24
**crime** [6] - 3:15, 11:2, 13:5, 22:14, 27:19, 27:24
**crimes** [5] - 3:15, 4:11, 4:13, 20:21, 28:24
**criminal** [1] - 9:21
**Criminal** [2] - 3:3, 3:6
**cross** [2] - 8:11, 9:14
**cross-examine** [1] - 9:14
**CSR** [2] - 1:23, 30:12
**custody** [1] - 21:13

**D**

**date** [1] - 29:3
**dated** [1] - 16:5
**December** [3] - 1:17, 15:13, 16:6
**decide** [2] - 7:23, 19:13, 24:24
**decision** [4] - 7:10, 27:14, 27:15, 28:12
**decisions** [1] - 6:9
**DEFENDANT** [79] - 3:20, 3:24, 4:15, 4:21, 5:2, 5:4, 5:6, 5:9, 5:12, 5:19, 5:21, 6:2, 6:11, 6:15, 6:17, 6:23, 7:2, 7:7, 7:11, 7:16, 8:5, 8:8, 8:20, 9:6, 9:19, 10:6, 10:15, 10:22, 11:12, 11:16, 11:19, 11:25, 12:4, 12:12, 12:17, 12:24, 13:3, 13:15, 13:19, 13:22, 14:3, 14:6, 14:13, 14:17, 14:25, 15:4, 15:24, 16:4, 16:7, 16:10, 16:15, 16:19, 16:22, 17:1, 17:8, 17:12, 17:18, 17:22, 19:10, 20:14, 21:11, 21:19, 21:22, 22:4, 23:3, 23:10, 23:20, 24:6, 25:14, 25:23, 26:4, 26:10, 27:7, 27:10, 27:13, 27:16, 27:21, 28:1, 29:6
**defendant** [7] - 3:8, 4:7,

15:16, 24:8, 28:3, 28:5, 28:18
**Defendant** [2] - 1:7, 1:13
**defendant's** [3] - 18:3, 24:10, 28:12
**Defender** [1] - 3:9
**Defender's** [1] - 1:12
**defense** [4] - 9:21, 10:1, 10:4, 18:20
**deliberated** [1] - 10:19
**depart** [1] - 20:25
**depiction** [3] - 11:22, 12:2, 12:6
**depictions** [16] - 11:9, 11:15, 11:22, 12:2, 12:7, 12:14, 12:20, 13:1, 13:12, 13:18, 13:25, 14:4, 14:8, 14:14, 14:20, 15:2
**depression** [4] - 5:17, 5:22, 5:23, 6:5
**describe** [1] - 17:24
**designed** [1] - 4:23
**detail** [1] - 3:19
**determining** [2] - 20:23, 25:11
**different** [1] - 21:6
**difficulty** [2] - 5:7, 7:9
**directly** [1] - 25:9
**discovery** [2] - 18:13, 18:16
**discuss** [1] - 3:18
**discussed** [2] - 18:22, 27:9
**District** [4] - 1:23, 11:8, 13:11, 30:13
**DISTRICT** [2] - 1:1, 1:1
**document** [4] - 4:2, 16:18, 16:21
**done** [1] - 29:5
**doubt** [3] - 9:2, 11:5, 13:8
**downward** [2] - 20:25, 21:2
**draft** [3] - 24:18, 24:20, 25:2
**drive** [2] - 12:7, 12:14
**drugs** [1] - 22:8
**during** [4] - 4:2, 4:10, 22:8, 23:14

**E**

**early** [1] - 21:16
**earn** [1] - 21:14
**effects** [2] - 6:6, 7:4
**elements** [2] - 17:24, 18:7
**employed** [2] - 30:7, 30:8
**employee** [1] - 30:8
**engaged** [3] - 12:2, 13:25, 14:5
**engaging** [1] - 11:22
**English** [1] - 5:8
**enter** [2] - 4:25, 7:19
**entered** [1] - 15:5
**entirety** [2] - 16:9, 17:14
**entitled** [3] - 17:4, 23:5, 23:12

**equipment** [1] - 3:11
**errors** [1] - 24:22
**established** [2] - 18:2, 18:9
**establishes** [1] - 18:16
**evidence** [6] - 8:14, 9:1, 9:24, 10:1, 15:9, 25:8
**exactly** [1] - 19:24
**examine** [1] - 9:14
**except** [1] - 25:20
**executed** [1] - 15:12
**Exhibit** [7] - 2:4, 15:8, 15:11, 15:17, 15:21, 28:17, 28:21
**exhibits** [1] - 10:1
**EXHIBITS** [1] - 2:3
**expense** [1] - 8:4
**explicit** [4] - 11:23, 12:3, 13:25, 14:5
**exploitation** [1] - 3:16

**F**

**fact** [3] - 9:2, 10:25, 17:13
**factors** [2] - 21:1, 21:3
**Facts** [1] - 17:4
**factual** [5] - 18:3, 18:10, 18:17, 28:6, 28:23
**fairly** [1] - 8:14
**false** [3] - 4:9, 4:12, 4:18
**far** [1] - 5:5
**FCRR** [2] - 1:23, 30:12
**Federal** [3] - 1:12, 3:6, 3:9
**federal** [3] - 20:16, 21:17, 22:13
**feel** [1] - 16:20
**felony** [2] - 21:23, 22:3
**fight** [1] - 8:2
**file** [1] - 24:4
**filed** [2] - 4:1, 15:19
**final** [2] - 25:3, 25:5
**finally** [1] - 10:7
**Financial** [1] - 23:5
**financially** [1] - 30:9
**find** [8] - 9:4, 13:4, 19:22, 20:6, 28:2, 28:4, 28:9, 28:12
**finding** [1] - 28:23
**fine** [3] - 19:20, 20:1, 20:4
**fined** [1] - 4:14
**firearms** [1] - 22:1
**first** [7] - 4:22, 7:23, 11:6, 11:10, 13:9, 13:13, 28:2
**five** [1] - 3:15
**follow** [1] - 25:13
**following** [1] - 3:1
**FOR** [1] - 1:1
**force** [2] - 10:10, 28:14
**forced** [3] - 26:5, 27:4, 27:11
**foregoing** [1] - 30:5
**foreign** [4] - 12:9, 12:16, 14:10, 14:16
**forever** [1] - 10:3
**forfeit** [2] - 23:13, 23:18

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 32 of 36
*to purchase a complete copy of the transcript.*

**Forfeiture** [1] - 23:12
**form** [1] - 15:6
**formally** [1] - 27:17
**forth** [4] - 21:1, 21:3, 25:21, 28:15
**four** [2] - 11:4, 13:7
**front** [1] - 15:23
**full** [4] - 3:18, 5:1, 18:12, 23:6
**fully** [3] - 16:20, 19:14, 28:5

## G

**generally** [1] - 8:6
**get** [4] - 24:20, 25:4, 25:5, 26:7
**give** [4] - 8:15, 9:16, 10:3, 22:23
**given** [1] - 25:8
**giving** [1] - 7:22
**government** [31] - 4:10, 4:18, 9:1, 9:9, 9:22, 11:3, 11:6, 11:10, 11:20, 11:24, 12:5, 12:10, 12:18, 12:23, 13:4, 13:6, 13:9, 13:13, 13:23, 14:2, 14:7, 14:11, 14:18, 14:23, 15:10, 24:20, 25:4, 25:7, 25:16, 26:8, 28:22
**GOVERNMENT** [1] - 2:3
**government's** [1] - 18:13
**Government's** [3] - 15:8, 28:17, 28:21
**grade** [1] - 5:6
**guess** [2] - 3:25, 16:6
**guideline** [3] - 20:19, 20:23, 21:6
**guidelines** [2] - 20:17, 21:2
**guilt** [1] - 9:1
**guilty** [49] - 3:22, 4:25, 7:10, 7:19, 7:23, 9:4, 9:15, 10:2, 10:17, 10:18, 10:19, 10:23, 10:25, 11:2, 12:19, 13:5, 14:19, 18:3, 18:10, 18:17, 20:2, 20:13, 23:17, 24:10, 24:15, 25:13, 25:24, 25:25, 26:7, 26:12, 26:15, 26:18, 26:23, 27:4, 27:12, 27:14, 27:20, 27:21, 27:24, 27:25, 28:1, 28:3, 28:7, 28:10, 28:13, 28:18

## H

**hand** [2] - 4:5, 30:10
**hard** [2] - 12:7, 12:14
**hearing** [10] - 3:5, 4:2, 10:21, 25:6, 25:7, 29:2, 29:13, 30:3, 30:4, 30:5
**HEARING** [1] - 1:15
**heavily** [1] - 24:23

**HELD** [1] - 1:16
**held** [2] - 3:1, 30:3
**help** [1] - 7:24
**hereby** [2] - 29:1, 30:2
**hereto** [1] - 30:8
**heretofore** [1] - 30:3
**Hitachi** [2] - 12:7, 12:14
**hold** [2] - 10:12, 21:25
**HON** [1] - 1:16
**Honor** [88] - 3:20, 3:24, 4:15, 4:21, 5:19, 6:2, 6:11, 6:15, 6:23, 7:7, 7:11, 7:16, 7:20, 8:5, 8:8, 8:20, 9:6, 9:19, 10:6, 10:15, 10:22, 11:12, 11:16, 11:25, 12:4, 12:12, 12:17, 12:24, 13:3, 13:15, 13:19, 13:22, 14:3, 14:6, 14:13, 14:17, 14:25, 15:4, 15:10, 15:18, 15:24, 16:4, 16:7, 16:10, 16:19, 16:22, 17:1, 17:8, 17:12, 17:18, 17:22, 18:1, 18:5, 18:8, 18:11, 18:14, 18:19, 18:23, 19:10, 20:14, 21:11, 21:19, 21:22, 22:4, 23:3, 23:10, 23:20, 23:24, 24:6, 24:14, 25:14, 25:23, 26:4, 26:10, 26:13, 26:16, 26:20, 26:24, 27:7, 27:10, 27:13, 27:16, 27:21, 28:1, 28:25, 29:6, 29:9, 29:11
**Honorable** [1] - 30:3

## I

**illegal** [1] - 6:13
**illness** [1] - 5:18
**important** [6] - 4:16, 7:12, 21:4, 22:18, 24:21, 24:25
**impose** [15] - 18:25, 19:4, 19:20, 19:21, 19:23, 20:4, 20:6, 20:13, 21:5, 21:7, 22:11, 22:16, 25:17, 28:10
**imposed** [3] - 19:6, 19:12, 26:2
**imprisonment** [2] - 4:14, 20:1
**IN** [2] - 1:1, 30:10
**including** [1] - 23:15
**INDEX** [1] - 2:1
**indicate** [3] - 16:24, 17:10, 17:19
**indicated** [1] - 30:3
**indictment** [14] - 3:14, 3:23, 4:1, 11:1, 11:3, 13:6, 17:25, 19:15, 27:19, 27:23, 28:4, 28:8
**indigent** [2] - 19:22, 20:6
**information** [2] - 17:10, 27:1
**initials** [1] - 17:6, 17:7, 17:9, 17:15, 17:16
**innocence** [3] - 8:22, 8:25,

9:3
**innocent** [1] - 8:24
**instance** [1] - 25:18
**instances** [1] - 17:17
**intend** [2] - 3:22, 16:24
**interest** [2] - 23:14, 23:19
**interested** [1] - 30:9
**interfere** [3] - 6:7, 6:21, 7:5
**interferes** [1] - 6:10
**interstate** [4] - 12:9, 12:16, 14:10, 14:16
**investigation** [4] - 24:16, 24:17, 24:19, 29:2
**involved** [4] - 12:20, 13:1, 14:20, 15:2
**IOWA** [1] - 1:1
**Iowa** [8] - 1:10, 1:13, 1:18, 1:24, 11:8, 13:11, 30:2, 30:14
**issue** [1] - 25:3
**issued** [1] - 20:17
**issues** [1] - 16:12
**items** [3] - 23:19, 23:21, 23:22

## J

**jointly** [1] - 19:4
**jurors** [2] - 8:13, 8:17
**jury** [11] - 8:10, 8:13, 8:19, 8:23, 9:3, 10:11, 10:19, 11:4, 13:7, 21:25, 28:11

## K

**kids** [1] - 5:21
**knowing** [1] - 28:13
**knowingly** [6] - 4:9, 4:25, 11:8, 11:14, 13:11, 13:17
**knows** [1] - 28:11
**Kodak** [2] - 14:9, 14:15

## L

**language** [1] - 5:8
**laptop** [2] - 12:8, 12:15
**last** [6] - 12:18, 12:22, 14:18, 14:22, 15:14, 16:1
**law** [1] - 8:15
**lawyer** [1] - 7:24
**least** [3] - 19:18, 20:10, 22:7
**left** [1] - 10:20
**legal** [1] - 26:14
**Leroy** [1] - 5:2
**letter** [1] - 15:7
**Letter** [1] - 2:4
**lie** [1] - 4:10
**life** [3] - 19:19, 20:10, 22:8
**likely** [1] - 22:15
**limited** [1] - 25:20

**local** [1] - 22:14
**look** [1] - 15:25
**lose** [1] - 21:24
**loss** [1] - 22:2

## M

**made** [3] - 25:2, 26:6, 26:8
**make** [5] - 4:9, 4:23, 6:4, 27:1, 28:22
**making** [1] - 4:11
**mandatory** [2] - 19:21, 19:23
**marijuana** [2] - 6:17, 6:20
**Mark** [1] - 3:7
**MARK** [1] - 1:10
**marked** [1] - 15:7
**matter** [2] - 3:2, 3:4
**Matters** [1] - 23:6
**maximum** [3] - 20:12, 21:8, 28:9
**mean** [1] - 5:11
**meaning** [1] - 8:16
**means** [4] - 8:22, 9:8, 19:9, 20:1
**medication** [8] - 5:23, 6:1, 6:5, 6:6, 6:10, 6:24, 7:1, 7:4
**mental** [4] - 4:24, 5:18, 6:4, 6:25
**mentioned** [1] - 22:5
**might** [2] - 7:9, 22:24
**mind** [1] - 26:1
**minor** [8] - 11:22, 12:2, 12:21, 13:1, 13:25, 14:5, 14:21, 15:2
**mistakes** [1] - 24:22
**monitored** [1] - 22:9
**months** [2] - 19:5, 20:20
**most** [2] - 23:23, 24:24
**MR** [20] - 7:20, 15:10, 15:18, 18:1, 18:5, 18:8, 18:11, 18:14, 18:19, 18:23, 23:23, 24:12, 24:14, 26:13, 26:16, 26:20, 26:24, 28:25, 29:9, 29:11
**Murray** [5] - 1:19, 1:23, 30:2, 30:12, 30:12
**must** [6] - 4:4, 19:20, 19:22, 20:4, 20:9, 22:18

## N

**name** [3] - 5:1, 16:1, 16:3
**NATHAN** [12] - 1:12, 7:20, 15:18, 18:8, 18:11, 18:14, 18:19, 18:23, 26:13, 26:16, 26:20, 29:11
**Nathan** [14] - 3:10, 7:18, 8:1, 8:2, 8:7, 8:12, 9:14, 15:7, 16:13, 18:6, 18:21, 24:21, 26:11, 29:10
**NDIA** [1] - 30:13

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 33 of 36

**need** [3] - 10:24, 21:12, 24:11
**needs** [1] - 24:13
**never** [1] - 9:23
**next** [4] - 7:21, 17:5, 17:9, 18:25
**nexus** [1] - 28:23
**nobody** [1] - 10:10
**Nora** [2] - 11:19, 13:21
**normally** [1] - 25:15
**NORTHERN** [1] - 1:1
**Northern** [2] - 11:8, 13:11
**note** [1] - 15:12
**noted** [1] - 15:15
**nothing** [1] - 6:4
**Notification** [1] - 24:4
**November** [5] - 11:7, 11:14, 15:14, 16:5, 23:16
**Number** [3] - 3:4, 15:8, 28:17
**number** [1] - 4:2

## O

**oath** [4] - 4:4, 4:6, 4:9, 8:14
**objection** [1] - 15:16
**October** [4] - 11:7, 11:14, 13:10, 13:17
**OF** [3] - 1:1, 1:3, 1:15
**Offender** [1] - 24:3
**offender** [1] - 24:5
**offenses** [3] - 4:20, 10:3, 21:23
**offer** [1] - 10:1
**offered** [1] - 15:9
**offers** [1] - 15:10
**Office** [2] - 1:10, 1:12
**office** [1] - 21:25
**officer** [3] - 22:10, 24:17, 25:3
**old** [1] - 5:3
**Olson** [25] - 3:3, 3:14, 4:8, 5:2, 7:8, 7:19, 7:21, 8:22, 9:15, 10:2, 10:16, 10:24, 15:22, 16:11, 17:13, 18:24, 22:5, 24:1, 24:15, 25:15, 25:24, 26:25, 27:18, 28:9, 29:4
**OLSON** [1] - 1:6
**Olson's** [1] - 18:17
**omitted** [2] - 26:18, 26:22
**one** [7] - 11:9, 11:15, 12:20, 13:12, 13:17, 14:20, 28:13
**open** [2] - 3:1, 9:10
**opportunity** [3] - 3:18, 25:9
**order** [2] - 24:16, 29:1
**Ordered** [1] - 1:21
**otherwise** [2] - 15:3, 22:22
**overcome** [1] - 8:25
**own** [2] - 10:8, 18:15

## P

**p.m** [2] - 1:18, 29:14
**page** [8] - 15:14, 16:1, 16:24, 17:2, 17:5, 23:4, 23:11
**paragraph** [7] - 17:3, 19:2, 19:3, 23:6, 24:1, 25:19, 25:21
**paragraphs** [3] - 17:10, 17:15, 17:21
**parole** [9] - 19:16, 20:3, 21:9, 21:16, 21:17
**paroled** [1] - 21:16
**part** [1] - 23:23
**particular** [1] - 28:23
**parties** [5] - 15:5, 19:3, 19:7, 30:7, 30:8
**past** [2] - 6:18, 6:20
**Patrice** [4] - 1:19, 1:23, 30:2, 30:12, 30:12
**pay** [1] - 23:6
**penalties** [2] - 18:25, 19:25
**penalty** [1] - 19:24
**people** [2] - 8:10, 8:12
**perform** [1] - 20:16
**period** [1] - 4:13
**perjury** [1] - 4:11
**personally** [1] - 3:8
**place** [9] - 4:5, 11:18, 13:20, 17:9, 17:16, 20:9, 22:6, 30:3, 30:6
**placed** [1] - 19:18
**placing** [1] - 16:23
**Plaintiff** [1] - 1:4
**Plea** [1] - 2:4
**PLEA** [1] - 1:15
**plea** [35] - 3:5, 4:25, 5:15, 7:19, 10:24, 15:6, 15:23, 16:9, 16:25, 17:3, 17:14, 19:1, 19:3, 19:5, 19:7, 19:8, 19:13, 23:5, 23:8, 23:18, 24:1, 24:11, 25:13, 25:18, 26:1, 26:9, 26:12, 26:15, 26:19, 26:23, 28:16, 28:19, 28:20
**plead** [16] - 3:22, 7:23, 9:15, 10:2, 10:16, 20:1, 20:13, 24:15, 25:24, 26:7, 27:4, 27:12, 27:14, 27:18, 27:22, 28:13
**pleading** [3] - 7:10, 23:17, 28:10
**pleas** [6] - 10:18, 18:3, 18:10, 18:17, 28:7, 28:18
**pled** [1] - 28:3
**point** [4] - 5:16, 7:13, 22:24, 24:22
**pornography** [9] - 3:17, 11:2, 11:9, 11:15, 13:5, 13:12, 13:18, 27:20, 27:24
**possess** [4] - 11:14, 13:17, 22:1, 22:14
**possessed** [2] - 11:8, 13:11

**possession** [5] - 3:17, 11:2, 13:5, 27:19, 27:24
**possibility** [3] - 19:16, 20:3, 21:9
**possible** [2] - 19:12, 19:14
**prepubescent** [4] - 12:21, 13:2, 14:21, 15:3
**present** [5] - 3:8, 3:12, 9:20, 10:4, 25:8
**presentence** [4] - 24:16, 24:19, 25:3, 29:1
**pressure** [1] - 28:14
**pressured** [3] - 26:5, 27:4, 27:11
**presumed** [1] - 8:24
**presumption** [3] - 8:21, 8:25, 9:3
**previously** [5] - 12:8, 12:16, 14:9, 14:15, 16:11
**prison** [9] - 19:16, 19:17, 20:3, 21:8, 21:13, 21:15, 21:16, 22:6, 22:22
**probation** [3] - 22:10, 24:17, 25:3
**Procedure** [1] - 3:6
**procedures** [1] - 25:13
**proceeding** [2] - 7:10, 24:9
**Proceedings** [1] - 29:14
**proceedings** [4] - 3:1, 10:17, 30:4, 30:5
**produce** [2] - 9:24, 9:25
**produced** [5] - 9:1, 12:7, 12:14, 14:9, 14:14
**promises** [4] - 26:6, 26:8, 28:15
**proof** [1] - 9:22
**property** [2] - 23:14, 23:16
**prove** [10] - 11:4, 11:6, 11:11, 11:21, 11:24, 12:6, 12:11, 12:19, 12:23, 13:7, 13:9, 13:14, 13:24, 14:2, 14:8, 14:12, 14:19, 14:23
**proved** [1] - 9:1
**provided** [1] - 8:7
**provides** [1] - 25:19
**Public** [2] - 1:12, 3:9
**public** [3] - 8:10, 8:18, 21:25
**punishable** [1] - 19:15
**punishment** [2] - 20:12, 28:10
**punishments** [1] - 19:14
**purpose** [1] - 7:1
**pursuant** [2] - 3:5, 23:17

## Q

**questions** [8] - 4:3, 4:4, 4:17, 4:22, 16:18, 25:12, 27:8, 29:4

## R

**raise** [1] - 4:5
**range** [7] - 20:19, 20:20, 20:23, 20:25, 21:1, 21:2, 21:6
**Rapids** [5] - 1:10, 1:12, 1:18, 1:24, 30:14
**read** [1] - 17:20
**reading** [2] - 5:7, 5:13
**really** [4] - 4:23, 5:9, 5:10, 5:12
**reason** [3] - 7:9, 7:18, 26:14
**reasonable** [3] - 9:2, 11:5, 13:8
**receive** [1] - 21:14
**received** [2] - 15:19, 15:21
**receiving** [1] - 15:17
**record** [4] - 15:13, 27:17, 28:3, 30:5
**recorded** [2] - 3:11, 3:13
**recording** [3] - 1:19, 3:11, 30:4
**reduced** [1] - 21:14
**reflect** [1] - 28:3
**reflected** [1] - 19:2
**register** [1] - 24:4
**Registration** [1] - 24:4
**related** [2] - 23:22, 30:7
**relative** [1] - 30:8
**release** [12] - 19:18, 19:19, 20:9, 20:11, 22:7, 22:8, 22:12, 22:16, 22:20, 22:21, 22:23, 22:25
**rely** [1] - 24:23
**remain** [1] - 10:8
**report** [8] - 24:19, 24:20, 24:23, 24:24, 25:1, 25:2, 25:4, 25:5
**Reporter** [2] - 1:20, 30:2
**reporter** [1] - 3:12
**represent** [3] - 7:24, 8:1, 8:3
**represented** [2] - 3:7, 3:9
**request** [1] - 15:11
**required** [1] - 24:3
**respect** [1] - 14:23
**restitution** [1] - 23:7
**result** [4] - 20:18, 21:24, 24:2, 28:14
**returned** [1] - 10:19
**review** [1] - 18:15
**reviewed** [1] - 16:8
**revoke** [1] - 22:21
**rights** [5] - 7:22, 22:2, 24:8, 28:11, 28:12
**RMR** [2] - 1:23, 30:12
**role** [1] - 8:12
**RPR** [2] - 1:23, 30:12
**Rule** [1] - 3:5
**Rules** [1] - 3:6

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR   Document 160   Filed 08/24/20   Page 34 of 36

## S

**S.E** [5] - 1:10, 1:12, 1:18, 1:24, 30:13
**satisfied** [3] - 8:6, 10:24, 18:16
**schedule** [2] - 25:6, 29:2
**school** [1] - 5:5
**SD** [2] - 14:9, 14:15
**seal** [3] - 15:12, 15:17, 15:20
**search** [2] - 23:15
**second** [4] - 11:20, 11:23, 13:23, 14:1
**section** [5] - 8:11, 17:4, 23:5, 23:12
**see** [4] - 9:12, 17:15, 24:22
**seeing** [1] - 21:15
**seized** [1] - 23:14
**selected** [1] - 8:10
**selecting** [1] - 8:12
**send** [1] - 22:21
**sentence** [14] - 19:4, 19:6, 19:17, 20:2, 20:21, 20:24, 21:4, 21:13, 22:6, 24:25, 25:11, 25:17, 26:2
**sentenced** [1] - 4:13
**sentences** [1] - 19:12
**Sentencing** [2] - 20:17, 20:20
**sentencing** [10] - 10:21, 20:15, 20:16, 21:3, 21:5, 22:10, 25:6, 25:7, 25:12, 29:2
**series** [2] - 4:3, 4:22
**serve** [3] - 8:13, 21:25, 22:6
**served** [2] - 19:17, 22:25
**services** [1] - 8:7
**set** [5] - 21:1, 21:3, 25:21, 28:15, 30:10
**Seventh** [4] - 1:10, 1:17, 1:24, 30:13
**Sex** [1] - 24:3
**sex** [1] - 24:5
**sexual** [1] - 3:16
**sexually** [4] - 11:23, 12:3, 13:25, 14:5
**shift** [1] - 9:23
**short** [2] - 7:8, 10:16, 15:13
**Shorthand** [2] - 1:20, 30:2
**side** [2] - 6:6, 7:4
**signature** [3] - 16:1, 16:2, 16:23
**signatures** [1] - 15:14
**signed** [3] - 16:6, 16:9, 25:18
**silent** [1] - 10:8
**simply** [1] - 20:19
**smoked** [1] - 6:17
**sometime** [2] - 11:13, 13:16
**sometimes** [1] - 16:12
**sorry** [1] - 6:13
**special** [4] - 19:21, 19:23, 20:5, 20:7

**speedy** [2] - 8:9, 8:19
**Springs** [2] - 11:19, 13:21
**stack** [1] - 19:25
**stage** [1] - 7:25
**standard** [1] - 22:12
**start** [1] - 5:1
**starting** [1] - 17:3
**State** [1] - 30:2
**state** [3] - 4:24, 6:5, 22:14
**statement** [4] - 4:9, 4:12, 4:18, 4:19
**STATES** [2] - 1:1, 1:3
**States** [11] - 1:11, 1:23, 3:3, 3:6, 3:7, 20:17, 21:20, 22:10, 23:13, 29:8, 30:13
**statute** [1] - 21:3
**statutory** [1] - 21:8
**Stipulation** [1] - 17:4
**stop** [1] - 7:14
**subparagraphs** [2] - 17:5, 17:6
**substances** [1] - 22:15
**successfully** [1] - 22:25
**suffered** [2] - 5:17, 6:12
**sufficient** [1] - 9:4
**suggests** [2] - 20:21, 21:6
**Suite** [1] - 1:12
**superseding** [8] - 4:1, 11:1, 17:25, 19:15, 27:18, 27:23, 28:4, 28:8
**supervised** [12] - 19:18, 19:19, 20:9, 20:11, 22:7, 22:8, 22:11, 22:16, 22:20, 22:21, 22:23, 22:25
**swear** [1] - 8:13
**sworn** [1] - 4:7
**system** [1] - 21:17

## T

**talk** [8] - 5:14, 7:13, 7:22, 15:16, 16:13, 18:24, 19:11, 24:7
**talked** [2] - 16:11, 27:6
**tell** [6] - 5:20, 6:16, 8:23, 9:2, 10:11, 25:9
**telling** [2] - 5:1, 27:3
**term** [4] - 19:18, 20:9, 22:7, 23:8
**terms** [5] - 16:25, 17:20, 20:4, 22:19, 28:19
**testify** [4] - 10:8, 10:10, 10:11
**testimony** [2] - 4:10, 9:13
**THE** [184] - 1:1, 1:1, 1:16, 3:2, 3:20, 3:21, 3:24, 3:25, 4:8, 4:15, 4:16, 4:21, 4:22, 5:2, 5:3, 5:4, 5:5, 5:6, 5:7, 5:9, 5:10, 5:12, 5:14, 5:19, 5:20, 5:21, 5:25, 6:2, 6:3, 6:11, 6:12, 6:15, 6:16, 6:17,

6:19, 6:23, 6:24, 7:2, 7:3, 7:7, 7:8, 7:11, 7:12, 7:16, 7:17, 7:21, 8:5, 8:6, 8:8, 8:9, 8:20, 8:21, 9:6, 9:7, 9:19, 9:20, 10:6, 10:7, 10:15, 10:16, 10:22, 10:23, 11:12, 11:13, 11:16, 11:17, 11:19, 11:20, 11:25, 12:1, 12:4, 12:5, 12:12, 12:13, 12:17, 12:18, 12:24, 12:25, 13:3, 13:4, 13:15, 13:16, 13:19, 13:20, 13:22, 13:23, 14:3, 14:4, 14:6, 14:7, 14:13, 14:14, 14:17, 14:18, 14:25, 15:1, 15:4, 15:5, 15:15, 15:19, 15:22, 15:24, 15:25, 16:4, 16:5, 16:7, 16:8, 16:10, 16:11, 16:15, 16:16, 16:19, 16:20, 16:22, 16:23, 17:1, 17:2, 17:8, 17:9, 17:12, 17:13, 17:18, 17:19, 17:22, 17:23, 18:2, 18:6, 18:9, 18:12, 18:15, 18:20, 18:24, 19:10, 19:11, 20:14, 20:15, 21:11, 21:12, 21:19, 21:20, 21:22, 21:23, 22:4, 22:5, 23:3, 23:4, 23:10, 23:11, 23:20, 23:21, 23:25, 24:6, 24:7, 24:13, 24:15, 25:14, 25:15, 25:23, 25:24, 26:4, 26:5, 26:10, 26:11, 26:14, 26:17, 26:21, 26:25, 27:7, 27:8, 27:10, 27:11, 27:13, 27:14, 27:16, 27:17, 27:21, 27:22, 28:1, 28:2, 29:1, 29:6, 29:7, 29:10, 29:12
**therefore** [1] - 28:17
**thinner** [1] - 7:2
**third** [4] - 12:5, 12:10, 14:7, 14:11
**Third** [1] - 1:12
**thorough** [1] - 24:17
**threatened** [1] - 26:6
**threats** [1] - 28:14
**today** [18] - 3:23, 4:10, 4:18, 4:24, 6:8, 6:22, 7:6, 7:13, 7:23, 10:3, 10:17, 24:16, 25:25, 26:7, 27:1, 27:6, 27:12, 29:5
**Toshiba** [2] - 12:8, 12:15
**total** [2] - 20:5, 20:8
**town** [1] - 11:17
**transcribed** [2] - 1:19, 30:4
**transcript** [1] - 30:5
**Transcript** [2] - 1:21, 1:21
**transported** [4] - 12:9, 12:16, 14:10, 14:16
**treated** [1] - 5:25
**Tremmel** [8] - 3:8, 15:7, 17:23, 23:21, 24:7, 26:21, 28:22, 29:7
**TREMMEL** [10] - 1:10, 15:10, 18:1, 18:5, 23:23, 24:12, 24:14, 26:24, 28:25, 29:9

**trial** [10] - 8:2, 8:3, 8:10, 8:15, 8:19, 8:23, 9:9, 9:23, 10:8, 28:11
**true** [2] - 17:11, 30:5
**truthfully** [1] - 4:17
**try** [2] - 8:14, 26:7
**trying** [1] - 24:24
**turn** [4] - 7:21, 17:2, 23:4, 23:11
**twelfth** [1] - 5:6
**twelve** [6] - 8:10, 8:17, 12:22, 13:2, 14:22, 15:3
**two** [1] - 15:13
**type** [1] - 5:18
**typed** [1] - 16:2

## U

**U.S** [1] - 1:10
**unanimous** [1] - 8:16
**under** [13] - 4:4, 4:6, 4:9, 5:23, 8:13, 15:11, 15:17, 15:19, 20:16, 23:5, 24:3, 25:20, 28:20
**understood** [4] - 16:24, 17:20, 27:2, 27:5
**unhappy** [1] - 26:2
**UNITED** [2] - 1:1, 1:3
**United** [11] - 1:11, 1:23, 3:3, 3:6, 3:7, 20:17, 21:20, 22:9, 23:13, 29:8, 30:13
**unless** [2] - 19:22, 20:6
**up** [12] - 7:22, 9:16, 10:3, 19:15, 19:19, 19:20, 20:2, 20:4, 20:10, 21:7, 22:8, 22:24
**upward** [2] - 20:25, 21:2
**use** [3] - 4:18, 6:20, 22:14
**used** [1] - 6:13
**using** [4] - 12:7, 12:14, 14:9, 14:15

## V

**validity** [2] - 26:18, 26:22
**vary** [1] - 21:2
**verdict** [4] - 8:16, 8:18, 10:13, 10:20
**versus** [1] - 3:3
**victims** [1] - 23:7
**violate** [1] - 22:20
**violations** [1] - 23:1
**visual** [13] - 11:9, 11:15, 11:21, 12:1, 12:6, 12:20, 12:25, 13:12, 13:18, 13:24, 14:8, 14:20, 15:1
**voluntarily** [4] - 4:25, 28:11
**voluntary** [3] - 26:12, 27:15, 28:13
**vote** [1] - 21:25
**VS** [1] - 1:5

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:19-cr-02029-CJW-MAR Document 160 Filed 08/24/20 Page 35 of 36

| W |
|---|

**waived** [2] - 25:20, 28:11
**waiver** [1] - 25:19
**want** [7] - 6:4, 7:21, 9:25, 16:16, 18:24, 19:11, 27:1
**wanted** [4] - 8:1, 9:13, 9:25, 10:9
**WHEREOF** [1] - 30:10
**WILLIAMS** [1] - 1:16
**Williams** [1] - 30:3
**wish** [2] - 25:8, 28:22
**withdraw** [2] - 19:8, 25:25
**WITNESS** [1] - 30:10
**witnesses** [6] - 9:9, 9:11, 9:12, 9:14, 9:17, 10:2
**written** [3] - 5:15, 26:9, 28:16

| Y |
|---|

**years** [11] - 12:22, 13:2, 14:22, 15:3, 19:16, 19:19, 19:25, 20:3, 20:10, 21:8, 22:7
**yesterday** [1] - 16:6

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*